IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

LENA TILLER                                                                                           PLAINTIFF

v.                                         No. 5:05CV00352 GH

MIKE FLUKER and
RICELAND FOOD INC.                                                                            DEFENDANTS

## ORDER

Pending before the Court is Fluker's January 13th motion to dismiss the claims brought against him under Title VII and the Arkansas Civil Rights Act ("ACRA") as an individual supervisor cannot be held personally liable under those provisions and he was not named in the EEOC charge. The time for responding to this motion has now expired.

Fluker has correctly cited that the Eighth Circuit Court of Appeals has clearly held that a supervisor cannot be held individually liable under Title VII. See, Schoffstall v. Henderson, 223 F.3d 818, 821 fn.2 (8th Cir. 2000):

> Schoffstall also individually sued her supervisor, David Morton. The district court dismissed Schoffstall's claims against Morton because supervisors may not be held individually liable under Title VII. See Spencer v. Ripley County State Bank, 123 F.3d 690 (8th Cir. 1997).

Fluker has also pointed out that ACRA claims are analyzed in the same manner as Title VII claims as illustrated by the following excerpts from Island v. Buena Vista Resort, 352 Ark. 548, 556-557, 103 S.W.3d 671, 675 (2003):

> We have explained that our state courts may look to federal decisions for persuasive authority when considering claims under the Arkansas Civil Rights Act. See Faulkner v.

Arkansas Children's Hospital, 347 Ark. 941, 69 S.W.3d 393 (2002); Rudd v. Pulaski County Special School District, 341 Ark. 794, 20 S.W.3d 310 (2000); Flentje, supra.

Additionally, we note that the Arkansas Civil Rights Act expressly instructs us to look to federal civil-rights law when interpreting the Act. Specifically, Ark. Code Ann. § 16-123-105 (Supp. 2001) states:

> (c) When construing this section, a court may look for guidance to state and federal decisions interpreting the federal Civil Rights Act of 1871, as amended and codified in 42 U.S.C. § 1983, as in effect on January 1, 1993, which decisions and act shall have persuasive authority only.

Ark. Code Ann. § 16-123-105.

In light of these standards, plaintiff's claims against Fluker under Title VII and ACRA must be dismissed. However, it appears that the complaint has raised supplemental tort claims against Fluker which are not addressed in this motion to dismiss.

Accordingly, Fluker's January 13th motion (#5) to dismiss the Title VII and ACRA claims against him are hereby granted. As it appears that the complaint also contains supplemental tort claims against Fluker that are not addressed in the motion to dismiss, Fluker's request for twenty days to answer the complaint is granted as well.

IT IS SO ORDERED this 30th day of January, 2006.

_____
UNITED STATES DISTRICT JUDGE